IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| J. LLOYD INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> THE TESTOR CORPORATION, <br><br> Defendant. | No. C08-0134 <br><br> ORDER DENYING MOTION TO AMEND COMPLAINT |

This matter comes before the Court on the Motion to Amend Complaint to Conform to the Evidence (docket number 24) filed by the Plaintiff on January 7, 2010 and the Resistance (docket number 28) filed by the Defendant on January 12, 2010. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. PROCEDURAL HISTORY

On October 27, 2008, Plaintiff J. Lloyd International, Inc. ("JLI") filed a Complaint (docket number 2) seeking damages from the Defendant, The Testor Corporation ("Testor"), on the theories of breach of warranty, breach of contract, "failure to mainatain [*sic*] tools and equipment," and "failure to pay for tools." Testor filed its Answer (docket number 5) on December 8, 2008.

On February 14, 2009, the Court adopted a Scheduling Order and Discovery Plan submitted by the parties. *See* docket number 8. Among other things, the parties agreed to a May 1, 2009 deadline for filing motions to amend the pleadings, and a November 1, 2009 deadline for completion of discovery. In reliance on the pretrial deadlines, trial was scheduled before Chief Judge Linda R. Reade on April 19, 2010. *See* docket number 9.

On December 31, 2009, some eight months after the deadline for amending pleadings, JLI filed a motion to amend its complaint "to conform to the evidence." The

1

motion was denied, however, due to JLI's failure to comply with Local Rule 15, which provides that an amended pleading may not incorporate any prior pleading by reference. JLI then filed the instant motion to amend on January 7, 2010.[1]

## II. RELEVANT FACTS

According to the complaint, both parties are in the business of manufacturing, distributing, and selling toys and similar products. In its breach of warranty claim, JLI alleges that Testor provided JLI with "approximately one million bottles of all sizes of Mr. Bubbles fluid that were defective and leaked fluid due to improper packaging and bottles." In its breach of contract claim, JLI alleges that Testor has "sold as their own, products manufactured for the Plaintiff without the consent of the Plaintiff." In its third claim, JLI alleges that Testor breached the contract by failing to keep certain tools owned by JLI in good condition and return the tools to JLI upon request. In its final claim, entitled "failure to pay for tools," JLI alleges:

> The Defendant ordered tools to be manufactured by the Plaintiff for the Defendant in the sum of $1,445.000 and the Plaintiff produced the tools and delivered the tools, but the Defendant refuses to pay the $1,445,000 debt owed to Plaintiff.

*See* Complaint, ¶ 2 at 3 (docket number 2 at 4).[2]

In its proposed amended complaint, JLI seeks to add the following additional paragraph to its fourth claim:

---

[1] The Court notes that JLI is *still* not in compliance with Local Rule 15. While JLI's proposed Amended and Substituted Complaint (docket number 24-1) is an improvement over its prior effort (docket number 21-1), the proposed amendment continues to refer to "inserting" certain language in the Complaint and "striking the Wherefore clause." *See* JLI's proposed Amended and Substituted Complaint at 3.

[2] It should be noted that Plaintiff's allegations are not consecutively numbered by paragraph and, therefore, there are three paragraphs on page 3 which are designated as paragraph "2."

2

> The Defendant ordered certain merchandise to be manufactured by the Plaintiff for the Defendant and the Defendant failed to pay for the merchandise.

See Proposed Amended and Substituted Complaint, ¶ at 3 (docket number 24-1 at 3).

Additional facts regarding JLI's claim may be gleaned from Testor's Motion for Summary Judgment (docket number 18) and JLI's Resistance (docket number 22). JLI's claims arise from disputes surrounding Testor's manufacture of products "in the Mr. Bubbles line," pursuant to an "exclusive manufacturing agreement" entered into between the parties.[3] In its brief filed in resistance to Testor's motion for summary judgment, JLI suggests that its proposed amendment to the fourth claim – adding a claim for failure to pay for "merchandise" – pertains to orders placed by Testor for "Hemi and Harley model scale engines," which were cancelled prior to delivery.

### III. DISCUSSION

Except when amending its pleadings "as a matter of course," as defined in FEDERAL RULE OF CIVIL PROCEDURE 15(a)(1), a party may amend its pleading "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). JLI is not entitled to amend its complaint "as a matter of course" and Testor does not consent to JLI's proposed amendment. Accordingly, JLI seeks leave of the Court to amend its complaint and add a claim for breach of alleged agreement by Testor to purchase model engines manufactured by JLI.

Rule 15(a)(2) directs the Court to "freely give leave [to amend] when justice so requires." The United States Supreme Court has made it clear that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A party does not, however, have an absolute or automatic right to amend. *United States v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005). Balanced against the liberal amendment policy of Rule 15(a) is the Court's interest in enforcing its scheduling orders. Here, the Court

---

[3] A copy of the exclusive manufacturing agreement was attached to JLI's Complaint. See docket number 2 at 6-7.

established a May 1, 2009 deadline for motions to amend pleadings. Scheduling orders may be modified only for "good cause." FED. R. CIV. P. 16(b)(4). *See also* Local Rule 16.f ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause.").

"The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). That is, notwithstanding the liberal amendment provisions found in the FEDERAL RULES OF CIVIL PROCEDURE, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008).

> Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a).

*Sherman*, 532 F.3d at 716 (citing *Popoalii*). *See also In re Milk Products Antitrust Litigation*, 195 F.3d 430, 437-38 (8th Cir. 1999) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).

In this case, JLI's motion to amend the complaint comes eight months after the deadline for motions to amend the pleadings. Accordingly, the Court must determine whether JLI has established "good cause" for the delay. In its motion, JLI asserts:

> In this case, Plaintiff has not unduly delayed its filing of this motion; the information just became available and will not unfairly prejudice or require a delay of the trial in this matter.

*See* Plaintiff's Motion to Amend Complaint, ¶ 3 at 1 (docket number 24 at 1).

The Court disagrees. JLI's attempt to amend its complaint *is* unduly delayed. The information did *not* just become available. Testor *will* be unfairly prejudiced. If JLI were permitted to amend at this late date, the April 19, 2010 trial *would* be delayed.

4

JLI's proposed amendment alleges, rather cryptically, that Testor ordered "certain merchandise" to be manufactured by JLI, and Testor then refused to pay for the merchandise. In its resistance to Testor's motion for summary judgment, JLI reveals that the "merchandise" referred to in its proposed amendment are model engines. Understandably, Testor has not previously sought any discovery regarding these new allegations, and the discovery deadline expired more than two months prior to JLI filing its motion to amend. Furthermore, Testor filed a motion for summary judgment based on the allegations contained in the complaint, and the deadline for filing dispositive motions expired one month prior to JLI's instant motion being filed. Trial is scheduled in just over three months. Clearly, Testor should not be forced to proceed to trial on brand new allegations without any discovery or opportunity to challenge those claims by way of summary judgment.

The facts which allegedly give rise to the proposed amendment have presumably been known to JLI since the beginning. The claim arises from an alleged agreement between the parties for the sale to Testor of model engines manufactured by JLI. JLI offers no facts in support of its bald allegation that "the information just became available." There appears to be no reason why JLI's new allegations could not have been raised by the pleadings deadline. The Court concludes that JLI has not shown good cause for its failure to comply with the Scheduling Order and, therefore, its proposed amendment is untimely. The motion to amend will be denied.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Amend Complaint (docket number 24) filed by the Plaintiff on January 7, 2010 is hereby **DENIED**.

DATED this 13th day of January, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA